IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

EDWARD FADELEY,

        Plaintiff,          6:13-cv-648-PA

                                  **ORDER**

    v.

CHASE MORTGAGE BANK AND OTHER
UNNAMED DEFENDANTS,

        Defendants.

---

**PANNER, J.**

    Before the court is defendant's motion to dismiss. For the reasons stated below, defendant's motion to dismiss [#5] is GRANTED. Also before the court is plaintiff's motion for reconsideration [#28] of the order denying plaintiff's motion to dismiss [#4], which I construed as a motion for remand. For the

1 - ORDER

reasons discussed below, that motion is DENIED. This matter is dismissed.

## BACKGROUND

On December 13, 2012, *pro se* plaintiff Edward Fadeley filed this complaint in state court. Plaintiff served defendant Chase Mortgage Bank on March 19, 2013. (See Notice of Removal, Ex. 1; State Court Summons.) Defendant removed the action on April 16, 2013.

Plaintiff's complaint is not entirely clear. Plaintiff appears to challenge Chase's right to accept payments on a loan. Plaintiff admits obtaining a loan from Washington Mutual Bank. (Compl., ¶ 1.) Plaintiff alleges no recorded documents demonstrate Chase has any interest in the loan. Plaintiff also alleges the current "market mortgage rate of approximately 3.5%" is roughly twice the rate plaintiff is paying on his obligation. Plaintiff appears to seek a court order requiring defendant refinance plaintiff's loan to reflect current interest rates.

At the May 20, 2013 oral argument, plaintiff admitted he is current on the loan and there are no pending foreclosure proceedings. The court orally denied plaintiff's motion to remand and granted an extension to permit the parties to submit supplemental briefing on the issue of Chase's entitlement to payment on the loan. On July 1, 2013, Defendants submitted declarations demonstrating their right to accept payments on the

2 - ORDER

loan.

## STANDARDS

**I. Motion to Dismiss**

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

3 - ORDER

**II. Motion for Reconsideration**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). There may be additional circumstances justifying reconsideration, however, such would be highly unusual. Id.

## DISCUSSION

**I. Defendant's motion to dismiss.**

Defendant moves to dismiss for failure to state a claim [#5]. Defendant argues plaintiff is not entitled to a refinance and that Chase's interest is not required to be recorded in the county land records as there are no pending foreclosure proceedings. Plaintiff does not rebut defendant's arguments, arguing only that removal here was improper. (See # 9; Pl.'s Resp.)

Plaintiff points to no authority, and the court finds none, demonstrating defendant is obligated to refinance plaintiff's loan to reflect current (lower) interest rates. Similarly, defendant would not be entitled to force plaintiff to refinance the loan if interest rates rise above the percentage reflected in the note. Plaintiff's claim regarding the interest rate fails to

4 - ORDER

state a claim and is dismissed.

Plaintiff also challenges Chase's right to collect payments on the loan. In supplemental briefing, Chase supplied a declaration by an employee of Chase demonstrating that they are entitled to collect on plaintiff's loan and that there is no foreclosure pending. As plaintiff is current on the loan, there is no pending dispute. Federal district courts are courts of limited jurisdiction, and are limited to hearing live disputes. U.S. Const. art. III, § 2 (jurisdiction limited to actual "cases" or "controversies" between two parties). Here, there is simply no active dispute and plaintiff appears to seek an advisory opinion. This court may not offer advisory opinions. Portland Police Assn' v. City of Portland, 658 F.2d 1273 (9th Cir. 1981). This claim is therefore dismissed.

Further, publicly available information demonstrates Chase's right to collect payments on the loan. Pursuant to Fed. R. of Evid. 201, a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (impliedly overruled on other grounds; See Crawford-El v. Britton, 523 U.S. 574, 592-93 (1998)). So long as the court takes notice of undisputed matters of public record, a Rule 12 motion is not converted into a motion for summary

5 - ORDER

judgment. Lee, 250 F.3d at 689-90.

The Purchase and Assumption Agreement is a publicly available document. The agreement demonstrates that on September 25, 2008, Chase purchased all of Washington Mutual Bank's assets, which included plaintiff's loan, from the FDIC. Therefore, even if this was a live dispute, I would grant defendant's motion to dismiss.

**II. Plaintiff's motion for reconsideration**

I construed plaintiff's motion to dismiss as a motion to remand. After reviewing the pleadings, evidence, and argument, I orally denied plaintiff's motion at oral argument. As the denial of the motion to remand forms the basis of plaintiff's motion for reconsideration, I reiterate the reasons for my ruling on that motion.

Plaintiff argues defendant did not timely remove the matter because removal did not occur until after 30 days of the filing of the complaint in state court. Defendant correctly responds that removal is timely if made within 30 days of service, and that the date the complaint was filed is irrelevant as to whether removal was timely. See 28 U.S.C. § 1446(b)(notice of removal shall be filed within 30 days of service of summons). The state court summons attached to the Notice of Removal demonstrates removal here was timely.

This court has diversity jurisdiction as removal was timely,

6 - ORDER

the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Plaintiff's motion to dismiss [#4], which I construed as a motion to remand, was therefore denied.

Having examined plaintiff's motion for reconsideration, it is clear that he does not present any newly discovered evidence which might advance his substantive legal arguments. Nor does plaintiff demonstrate any change in the intervening law. Rather, plaintiff merely reargues the motion, raising the same points that were briefed by the parties and considered by the court. No unusual circumstances justify reconsideration. Accordingly, plaintiffs' motion for reconsideration is DENIED.

## CONCLUSION

Defendants' motion to dismiss [#5] is GRANTED. Plaintiff's motion for reconsideration [#28] is DENIED. This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this 29 day of June, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER